J.L. v Archdiocese of N.Y. (2025 NY Slip Op 01771)

J.L. v Archdiocese of N.Y.

2025 NY Slip Op 01771

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 70029/19|Appeal No. 3972|Case No. 2024-05151|

[*1]J.L., Respondent,
v
The Archdiocese of New York, Appellant, Cardinal Hayes High School, Defendant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick Lawless of counsel), for appellant.
Phillips & Paolicelli, LLP, New York (Diane Paolicelli of counsel), for respondent.

Order, Supreme Court, Bronx County (Sabrina B. Kraus, J.), entered August 5, 2024, which, to the extent appealed from as limited by the briefs, denied defendant Archdiocese of New York's motion to preclude disclosure of the names and identifying information of any alleged victim of abuse by the same priest and directed the Archdiocese to produce information, including Independent Reconciliation and Compensation Program (IRCP) files, of complaints against the same priest post-dating plaintiff's alleged abuse for in camera review, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying the Archdiocese's motion to preclude and directing the disclosure of the names and identifying information of other alleged victims of abuse by the same priest accused by plaintiff (see McNierney v Archdiocese of New York, 221 AD3d 489 [1st Dept 2023]; see generally CPLR 3101[a]). As the motion court found, contacting the priest's other alleged victims could lead to discovery of relevant and admissible evidence, including whether the Archdiocese was aware of the danger the priest posed, whether the priest engaged in patterns of abuse, and whether the Archdiocese acted reasonably to protect children from being sexually abused. The Archdiocese did not demonstrate that this information was privileged or that disclosure was improper (see Matter of All Plaintiffs in Child Victims Act NYC Litig. v All Defendants in Child Victims Act NYC Litig., 200 AD3d 476, 479 [1st Dept 2021]; see also Harmon v Diocese of Albany, 204 AD3d 1270, 1272 [3d Dept 2022]).
The motion court also providently exercised its discretion in directing disclosure of the IRCP files, "regardless of when created or gathered" (McNierney, 221 AD3d at 489). Plaintiff requested materials relating to the priest's assignment to the school, complaints against the priest or reports of inappropriate conduct, and information regarding anyone who supervised, monitored, or disciplined the priest. The Archdiocese has denied exercising control over the priest, so the requested items may provide information to rebut these disputed claims (see Doe v Archdiocese of N.Y., 231 AD3d 436, 437 [1st Dept 2024]). Furthermore, the files may provide information about "the Archdiocese's response to child abuse claims during that time frame and whether there was a patterned response" (McNierney, 221 AD3d at 489).
The Archdiocese's contention that the IRCP documents cannot be disclosed because they are inadmissible under CPLR 4547 is improperly raised for the first time on appeal. In any event, whether evidence is admissible has no bearing on whether the requested information is discoverable (see Fell v Presbyterian Hosp. in City of N.Y. at Columbia-Presbyt. Med. Ctr., 98 AD2d 624, 625 [1st Dept 1983]; see also Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376 [1991]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025