T.B. v Roman Catholic Archdiocese of N.Y. (2025 NY Slip Op 02149)

T.B. v Roman Catholic Archdiocese of N.Y.

2025 NY Slip Op 02149

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Rodriguez, Rosado, JJ. 

Index No. 950193/19, 950137/20, 950202/20, 950196/21, 951047/21|Appeal No. 4105|Case No. 2024-06048|

[*1]T.B., Respondent,
v
Roman Catholic Archdiocese of New York, Appellant, St. Joseph Roman Catholic Church, Defendant. (And Other Actions.)

Bleakley Platt & Schmidt, LLP, White Plains (Justin M. Gardner of counsel), for appellant.
Phillips & Paolicelli, LLP, New York (Diane Paolicelli of counsel), for respondent.

Amended Order, Supreme Court, New York County (Sabrina B. Kraus, J.), entered September 26, 2024, which, to the extent appealed from as limited by the briefs, denied defendant Roman Catholic Archdiocese of New York's motion for a protective order and, after in camera review, directed the Archdiocese to produce unredacted materials from the Independent Reconciliation and Compensation Program (IRCP), including names and identifying information of any alleged victim of abuse by the same priest, unanimously affirmed, without costs.
The motion court providently exercised its discretion in directing disclosure of the IRCP files, "regardless of when created or gathered" (McNierney v Archdiocese of N.Y., 221 AD3d 489, 489 [1st Dept 2023]; see generally CPLR 3101[a]). Plaintiff requested complaints against the priest or reports of inappropriate conduct, materials relating to the priest's assignment to the church and its associated school, information regarding the priest's supervision by the Archdiocese, and the Archdiocese's response to claims of sexual abuse by clergy members. The IRCP files contained allegations by multiple individuals that the priest openly engaged in grooming behaviors with groups of young boys on church and school premises. These complaints, therefore, are related to the issue of constructive notice of the priest's proclivities (see J.L. v Roman Catholic Archdiocese of N.Y, 222 AD3d 483, 484 [1st Dept 2023]). The Archdiocese has denied exercising control over the priest, so the requested items may also provide information to rebut these disputed claims (see Doe v Archdiocese of N.Y., 231 AD3d 436, 437 [1st Dept 2024]). Furthermore, the files may provide information about "the Archdiocese's response to child abuse claims during that time frame and whether there was a patterned response" (McNierney, 221 AD3d at 489).
The motion court also providently exercised its discretion in directing the disclosure of the names and identifying information of other alleged victims of abuse by the same priest accused by plaintiff (id.). Contacting the priest's other alleged victims could lead to discovery of relevant and admissible evidence, including whether the Archdiocese was aware of the possible danger the priest posed, whether the priest engaged in patterns of abuse, and whether the Archdiocese acted reasonably to protect children from being sexually abused. The Archdiocese did not demonstrate that this information was privileged or that disclosure was improper (see J.L. v The Archdiocese of New York, — AD3d &mdash, 2025 NY Slip Op 01771 [1st Dept 2024]; Matter of All Plaintiffs in Child Victims Act NYC Litig. v All Defendants in Child Victims Act NYC Litig., 200 AD3d 476, 479 [1st Dept 2021]; see also Harmon v Diocese of Albany, 204 AD3d 1270, 1272 [3d Dept 2022]). While the names of victims of other alleged abusers within the organization may be properly redacted when disclosing personnel files and other materials relevant to the general handling [*2]of sex abuse complaints, the identities of victims allegedly harmed by the same abuser must be disclosed upon a plaintiff's request (see Harmon, 204 AD3d at 1272; Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 812 [3d Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025